IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Scott L. | ) | Case No.: 6:20-cv-03345-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Kilolo Kijakazi[1], Acting Commissioner of Social Security, | ) ) | |
| Defendant. | ) ) | |

This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald ("Report and Recommendation" or "Report") pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.). Plaintiff Scott L.[2] ("Plaintiff" or "Scott") brings this action pursuant to 42 U.S.C. §§ 405(g), as amended, seeking judicial review of a final decision of the Commissioner of Social Security ("Defendant" or "Commissioner") denying him Disability Insurance Benefits ("DIB"). The Magistrate Judge issued a Report and Recommendation on July 9, 2021, recommending the Commissioner's decision be affirmed. (DE 16.) On July 20, 2021, Plaintiff filed Objections to the Report and Recommendation, contending that the Report fails to acknowledge the Administrative Law Judge's (ALJ) failure to reconcile and explain conflicting evidence, which includes limitations in Scott's Residual Functional Capacity (RFC).[3] (DE 17.) Specifically, Plaintiff contends the ALJ omitted discussion regarding Scott's interactions with his co-workers and supervisors and his subjective symptoms. (DE 17.)

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021; and therefore, he is substituted for Andrew Saul as the defendant in this suit.

[2] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[3] Social Security Ruling ("SSR") 96-8p provides in pertinent part:

1

Having carefully considered the Plaintiff's objections and the applicable law, the Court adopts the Report and Recommendation and affirms the Commissioner.

## BACKGROUND

The Report and Recommendation sets forth the relevant facts and legal standards, which this Court incorporates herein without a full recitation. (DE 16.) However, as a brief background relating to the objections raised by Plaintiff, the Court provides this summary. Scott was 57 years old at the time of the February 14, 2020, hearing before the ALJ. Plaintiff alleges the date of onset of his disability is February 15, 2017. (DE 16, p. 2.) Plaintiff has the following severe impairments: depression, anxiety, restless leg syndrome, Hashimoto's disease and Parkinson's disease (20 C.F.R. § 404.1520(c)). (DE 16, p. 2.)

The ALJ made the following findings, among others,:

(5) After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 C.F.R. § 404.1567(c). The claimant can lift/carry 50 pounds occasionally and 25 pounds frequently. He can stand, sit, and walk for six hours in an eight hour workday. He can never climb ropes, ladders, or scaffolds. He can frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can frequently finger and handle with the right upper extremity. He should never be exposed to hazards such as unprotected heights or dangerous moving machinery. He can perform simple, routine, and repetitive work with a reasoning level of up to and including level three on a sustained basis, eight hours a day, five days per week in two hour increments with normal breaks. He can occasionally have contact with the public. He can have occasional changes in the work setting. He would be required to use frequent judgment on the job with only occasional decision-making required.

---

The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraph (b), (c), and (d) of 20 C.F.R. §§ 404.1545 and 416.945. Only after that may [the] RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

SSR 96-8p, 1996 WL 374184, at *1.

## **LEGAL STANDARD**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. See 28 U.S.C. § 636(b)(l). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the report and recommendation only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); see also Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.")

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[4] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. See Johnson v. Barnhart, 434 F.3d 650 (4th Cir. 2005). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See Vitek v.

---

[4] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). "It means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

Finch, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Id.

## DISCUSSION

Plaintiff objects to the Report and Recommendation on two grounds: (1) the "ALJ's discussion of Scott's activities and exam findings amounts to an explanation that satisfies the requirements of Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015) to include limitations in [Scott's] RFC to account for all his impairments[;]" (DE 17, p. 2) and (2) the ALJ did not appropriately Scott's subjective complaints (DE 17, p. 5.)

First, distinguishing Mascio v. Colvin, 780 F.3d 632, 635-38 (4th Cir 2015), the Report explained that the ALJ's decision "specifically addressed [Plaintiff's] moderate limitation in interacting with others, including a limitation in the hypothetical presented to the vocational expert, a corresponding limitation in [Plaintiff's] RFC, as well as a discussion of the limitation in the decision." (DE 16, p. 8.) The Report rejected Plaintiff's argument, and noted that the ALJ considered the evidence in the record relating to Plaintiff's ability to socialize and reasonably determined that Plaintiff's problem with interacting with others was accounted for with a limitation to occasional public exposure. (DE 16, pp. 9-10). Accordingly, Plaintiff's subjective complaints

4

of isolation are inconsistent with the objective medical evidence and Plaintiff's activities of daily living. (DE 16, p. 9.)

Further, "the ALJ's decision examined the appropriateness of the mental RFC findings in light of the opinion evidence of record, and the RFC is consistent with the limitations opined by the state agency medical consultants Silvie Ward, Ph.D., and Larry Clanton, Ph.D., whose opinions the ALJ found persuasive." (DE 16, p. 10.) Drs. Ward and Clanton found that Plaintiff would be "able to respond *appropriately* to supervision, co-workers and usual work situations, but would perform best in settings that do not require on-going interaction with the public." (DE 11, pp. 87, 105) (emphasis added.) Nor do Plaintiff's objections acknowledge Drs. Ward and Clanton's translation of Plaintiff's moderate limitation in social interaction into more specific mental functional limitations that restricted only Plaintiff's interaction with the public, and not with supervisors and co-workers. (DE 17, pp. 2-5.) Additionally, Plaintiff did not challenge the Report or ALJ's rejection of the social limitations suggested by Gergana Dimitrova, M.D., that Plaintiff could "never" relate to co-workers, deal with the public, interact with supervisors, or relate predictably in social situations. (DE 16 p. 10.)

Secondly, Plaintiff merely disagrees with the Report's rejection of his original argument that the ALJ's subjective complaint analysis is insufficient. (Compare DE 17, pp. 5-8 with DE 12, pp. 9-17.) The Court finds that the Report carefully and accurately reviewed the ALJ's subjective complaint analysis, highlighted the ALJ's explanation, and cited to multiple, extensive excerpts from the ALJ's decision evidencing the ALJ's discussion. (DE 16, pp. 14-18.) Further, the ALJ's decision included a detailed analysis of the Plaintiff's subjective complaints, an examination of his ADL's [activities of daily living], a detailed summary of his medical treatment, and a detailed analysis of his treatment in finding that the Plaintiff's subjective complaints were not entirely

consistent with the record evidence." (DE 16, p. 15.) The ALJ's subjective complaint evaluation included a detailed analysis of Plaintiff's upper extremity limitations and properly considered Plaintiff's activities of daily living. (DE 16, pp. 15-17.)

Given the record as a whole, Scott's mere disagreement as to the DIB decision is not enough to overturn the ALJ's decision. Therefore, the Report properly considered Scott's limitations regarding his RFC and subjective complaints, Plaintiff's objections are overruled, and the Court affirms the Commissioner's decision.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation and affirms the Commissioner.

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

January 25, 2022
Greenville, South Carolina